# In the Orphans' Court of Philadelphia.

## ESTATE OF JAMES RAFFERTY, DECEASED.

The Orphans' Court has no jurisdiction to entertain bills by strangers to proceed- ings for specific performance of decedent's contract, to rescind such decrees.

*Semble:* That a purchaser of the legal title, for value, and without notice, prior to the proceedings for specific performance, would not be affected by them.

In the matter of the petition of Charles W. Zimmerman, to vacate a decree for specific performance.

Opinion delivered November 15, 1873, by

PEIRCE, J. James Rafferty died in 1858, leaving issue three children, Sarah, William, and James, and his wife Catharine, whom he appointed executrix. He devised one-third of his real estate to his wife, and two-

thirds to his sons, William and James, and the survivor of them. He provided for his daughter otherwise. The decedent's two sons died in their minority, the eldest and survivor of them on the 16th of January, A. D. 1872.

In April, 1872, M. A. Kane, as assignee of Patrick Harvey, present-ed his petition to the Orphans' Court, setting forth that the decedent in his lifetime had made a written agreement with the said Harvey, on cer-tain conditions therein set forth, for the sale of the said real estate to the said Harvey, and praying the court to decree a specific performance of the said contract. An answer was put in by the executrix admitting the facts set forth in the said petition, and submitting to the adjudication and decree of the court. And thereupon, on April 20th, 1872, a decree of specific performance was made as prayed for.

On the 17th of September, 1871, the petitioner, Chas. W. Zimmer-man bought at sheriff's sale the property northeast corner of Seventh street and Passayunk Road, part of the real estate of which the said dece-dent died seised, as the property of Catharine McIlwain, formerly Catha-rine Rafferty, on a judgment against her, which was conveyed to him by sheriff's deed, dated September 21st, 1871.

On May 4, 1872, Chas. W. Zimmerman presented his petition to the court praying that the said decree of specific performance be vacated on the ground of want of notice to him, and some alleged inconsistencies re-ferred to in said petition. To this petition answers were put in by the executrix and M. A. Kane, in whose favor the decree of specific perform-ance had been made, and the case is submitted on petition, answers and proofs.

This case seems to be ruled by the case of Weyand v. Weller, 3 Wright, 443, in which Thompson, J. said: "It seems to have been forgotten that the orphans' court is a court of limited jurisdiction. Its jurisdiction is well defined, and while it has unquestionable jurisdiction to decree the execution of contracts of decedents, yet it would be difficult to find its authority to entertain bills by strangers to such decrees to rescind its or-ders for specific execution."

Furthermore, it is not very apparent how the interests of the petition-er have been affected by this decree for a specific performance. What-ever his rights are they were acquired before the proceedings for the spec-ific performance were commenced. And if he was a purchaser for a val-uable consideration, without notice, upon a valid judgment against the devisee, his rights, whatever they may be, would seem to be independent of the proceedings in the orphans' court for the decree of specific impor-tance.

The petition is dismissed with costs.